

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SARA YAKIN,

        Plaintiff,

  -against-

TYLER HILL CAMP, INC.,
TYLER HILL CORPORATION,
TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC.,
TLC KIDS GROUP, INC., and
TIMBERLAKE MANAGEMENT CORP.,

        Defendants.
------------------------------------X

CV 07 No! 2444

FEUERSTEIN, J.

WALL, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 18 2007   ★

BROOKLYN OFFICE

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant TYLER HILL CORPORATION hereby files this Notice of Removal of the above-captioned matter from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York.   The Defendant's petition for removal is based upon the following grounds:

### BASIS FOR JURISDICTION

1.   The United States District Court for the Eastern District of New York has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), there being complete diversity between the citizenship of the Plaintiff and that of all Defendants not fraudulently joined, as further described below, and being that the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, as further described below.

2.    This lawsuit is therefore removable from state court to the District Court of the United States pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1) and (c)(1).

## TIMELINESS OF REMOVAL

3.    On May 24, 2007 the Plaintiff SARA YAKIN filed her Verified Complaint in this matter in the Supreme Court of the State of New York, County of Nassau, being Index No. 9203/07.   A copy of the Summons and Complaint are attached hereto as Exhibit A.   On May 30, 2007, TYLER HILL CORPORATION was served with a copy of the Summons and Complaint.

4.    The time within which TYLER HILL CORPORATION is required to file a Notice of Removal of this action to this Court has not yet expired.   TYLER HILL CORPORATION was served on May 30, 2007.   Under 28 U.S.C. § 1446(b), TYLER HILL CORPORATION has until June 29, 2007 to effect removal of this action.

## ALLEGATIONS IN THE COMPLAINT

5.    The Plaintiff's Complaint stems from injuries the Plaintiff received on or about July 2, 1999 while an attendee at the Tyler Hill Camp in Tyler Hill, Pennsylvania.   Specifically, the Plaintiff alleges that while participating in said camp program, she was swung into a dock while waterskiing by the

2

powerboat that was towing her, causing her to sustain severe and permanent personal injuries. (Ex. A, Complaint, ¶ 38.) The Plaintiff alleges that the incident was a result of the carelessness and negligence of the Defendants, their agents, servants and/or employees. (Id., ¶ 39.) Specifically, the Plaintiff alleges that the Defendants were negligent and careless in causing and directing the Plaintiff to participate in waterskiing, in failing to observe and maneuver the boat so as to avoid dangerous collisions, in failing to operate the powerboat at a reasonable speed and in a reasonable manner, and failing to adequately train, supervise and/or monitor the waterskiing personnel. (Id., ¶ 40.)

6. The Plaintiff alleges in her Complaint that as a result of the incident, the Plaintiff was "rendered sick, sore and disabled; suffered injuries both internal and external, pain and mental anguish; was confined to home for a period of time; was compelled to seek medical care and attention and will in the future be compelled to seek medical care and attention; was prevented from following her usual activities, and may in the future be disabled from following her usual activities." (Id., ¶ 41.)

## CITIZENSHIP OF THE PARTIES

7.     The   Complaint   does   not   set   forth   the   present
citizenship or residence of the Plaintiff SARA YAKIN.   According
to   information   in   the   files   of   the   Defendant   TYLER   HILL
CORPORATION, at the time of the incident in 1999, the Plaintiff
SARA YAKIN resided in Cortlandt Manor, New York.   (Exhibit B,
Declaration   of   Jay   S.   Jacobs   ["Jacobs   Dec."],   ¶   8.)     The
Verification Page of the Complaint indicates that the Plaintiff
executed the Verification in New York County, New York.   (Ex. A,
Complaint.)   Upon information and belief, both at the time the
Complaint   was   filed   and   at   the   time   of   this   removal,   the
Plaintiff SARA YAKIN has been a citizen and resident of the
State of New York.

8.     At all times relevant to this litigation, the removing
Defendant TYLER HILL CORPORATION has been a corporation duly
authorized and existing under the laws of the Commonwealth of
Pennsylvania.   (Ex. B, Jacobs Dec., ¶ 2.)   At all times relevant
to this litigation, TYLER HILL CORPORATION'S headquarters and
principal place of business was located at 1017 Cochecton
Turnpike, Tyler Hill, Pennsylvania.   (Id., ¶ 3.)   At all times
relevant to this litigation, TYLER HILL CORPORATION has operated
a summer camp for children, known as the Tyler Hill Camp, at
this address. (Id.)   TYLER HILL CORPORATION's sole endeavor is

the operation of this one camp in Tyler Hill, Pennsylvania. (Id.) Although TYLER HILL CORPORATION has a "winter office" at 85 Crescent Beach Road, Glen Cove, New York, the New York office is neither the headquarters nor the principal place of business of TYLER HILL CORPORATION. (Id., ¶ 4.) TYLER HILL CORPORATIONS's camp activities are exclusively conducted through its office at the Tyler Hill Camp in Pennsylvania, and the New York office merely serves to accept enrollment applications, etc. during the off-season. (Id.)

9. The Complaint alleges that the Defendant TYLER HILL CAMP, INC. is either a New York corporation or a foreign corporation licensed to do business in New York. (Ex. A, Complaint, ¶¶ 1-2). But, upon information and belief, the defendant TYLER HILL CAMP, INC. is a Pennsylvania corporation with its headquarters and principal place of business in Pennsylvania. (Ex. B, Jacobs Dec., ¶ 6.) However, the citizenship and presence of TYLER HILL CAMP, INC. should be disregarded for purposes of removal due to the fact that TYLER HILL CAMP, INC. has been fraudulently joined by the Plaintiff to thwart removal, there being no liability on the part of TYLER HILL CAMP, INC. for the Plaintiff's injuries. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity

5

jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."); Andrei v. DHC Hotels and Resorts, 2000 U.S. Dist. LEXIS 4107, at *2-*3 (S.D.N.Y. Mar. 31, 2000). TYLER HILL CAMP, INC. is not a corporation involved in any way with the operation of the Tyler Hill Camp at any time relevant to this litigation. (Id.) Upon information and belief, TYLER HILL CAMP, INC. is the corporation which owned the Tyler Hill Camp prior to TYLER HILL CORPORATION, the purchase taking place in 1991, well before the plaintiff's accident. (Id.) As such, TYLER HILL CAMP, INC. is not "a party in interest" under 28 U.S.C. § 1441(b), and its presence as a named defendant does not effect the removability of this lawsuit.

10. The Complaint alleges that the remaining defendants, TIMBER LAKE CORPORATION, TIMBER LAKE CAMP WEST CORPORATION, TIMBER LAKE CENTERS, INC., TLC KIDS GROUP, INC., and TIMBERLAKE MANAGEMENT CORP. (collectively referred to as the "Timber Lake Defendants") are either New York corporations or a foreign corporations licensed to do business in New York. (Ex. A, Complaint, ¶¶ 9-10, 13-14, 17-18, 21-22, 25-28.) In fact, each of the Timber Lake Defendants are corporations duly organized and existing under the laws of the State of New York, with their headquarters and principal places of business in New York. (Ex.

6

B, Jacobs Dec., ¶ 7.)   However, the citizenship and presence of all of the Timber Lake Defendants should be disregarded for purposes of removal due to the fact the Timber Lake Defendants have been fraudulently joined by the Plaintiff to thwart removal, there being no liability on the part of any of the Timber Lake Defendants for the Plaintiff's injuries.   See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."); Andrei v. DHC Hotels and Resorts, 2000 U.S. Dist. LEXIS 4107, at *2-*3 (S.D.N.Y. Mar. 31, 2000).   The Timber Lake Defendants have no connection with the events surrounding this lawsuit; rather, each of these entities are involved in the operation of other camps, namely Timber Lake Camp located in Shandaken, New York and the Timber Lake West Camp located in Roscoe, New York.   (Ex. B, Jacobs Dec., ¶ 7.)   None of the Timber Lake Defendants have any involvement in the operation of the Tyler Hill Camp in Pennsylvania.   (Id.)   The Plaintiff's alleged accident occurred at the Tyler Hill Camp in Pennsylvania, not the Timber Lake Camp or the Timber Lake West Camp in upstate New York.   (Id.)   As such, none of the Timber Lake Defendants are "a party in interest" under 28 U.S.C. §

1441(b), and their presence as named defendants does not effect the removability of this lawsuit.

11. As all defendants other than TYLER HILL CORPORATION have been fraudulently joined, there is complete diversity between the Plaintiff and the remaining Defendant not fraudulently joined, satisfying the jurisdictional requirements of 28 U.S.C. § 1332(a)(1) and (c)(1).

## JURISDICTIONAL AMOUNT FOR DIVERSITY JURISDICTION

12. While the Complaint does not state an amount in controversy, the removing Defendant TYLER HILL CORPORATION has a good faith belief that the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

13. The allegations in the Complaint state that the Plaintiff SARA YAKIN, as a result of the various acts and/or omissions alleged to have been committed by the defendants, was "rendered sick, sore and disabled; suffered injuries both internal and external, pain and mental anguish; was confined to home for a period of time; was compelled to seek medical care and attention and will in the future be compelled to seek medical care and attention; was prevented from following her usual activities, and may in the future be disabled from following her usual activities." (Ex. A, Complaint, ¶ 41

(emphasis added).)   Upon information and belief, based upon the
records in possession of the removing Defendant, the Plaintiff
fractured her right clavicle as a result of the incident on July
2, 1999, and was treated, at least initially, at the Wayne
Memorial Hospital in Honesdale, Pennsylvania.  (Ex. B, Jacobs
Dec., ¶ 9.)   Based upon these facts, the Defendant TYLER HILL
CORPORATION believes that this controversy exceeds the sum or
value of $75,000, exclusive of interest and costs.

**MISCELLANEOUS REMOVAL REQUIREMENTS**

14.  Since the removing Defendant TYLER HILL CORPORATION is
the only named Defendant not fraudulently joined, assent to the
instant removal by the remaining fraudulently-joined defendants
is not required by 28 U.S.C. § 1446 because they are considered
"nominal" or "formal" defendants, as the Plaintiff has no cause
of action against them.   See, e.g., Balazik v. County of
Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995); Sierra v. Bally
Total Fitness Corp., 2007 U.S. Dist. LEXIS 23729, at *6-*9
(E.D.N.Y. Mar. 30, 2007); Varela v. Flintlick Construction,
Inc., 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001).

15.  Even if the assent of the non-removing Defendants were
necessary, upon information and belief the Defendant TYLER HILL
CAMP, INC. has yet to be properly served with the Summons and
Verified Compliant, and thus its assent is not required at this

time.   As to the remaining Timber Lake Defendants, each of these defendants have assented to this Notice of Removal.  See Exhibit C.

16.   Written notice of the filing of the Notice of Removal has been served on all adverse parties, as required by 28 U.S.C. § 1446(d).

17.   Copies of the Summons and Verified Complaint, which are the only process, pleading, or order filed in this case to date, are attached hereto as Exhibit A and are being filed with this Notice of Removal.

18.   A true copy of this Notice of Removal has been filed with the Supreme Court of the State of New York, Nassau County, and served on all adverse parties, as provided by 28 U.S.C. § 1446(a).

10

WHEREFORE, the Defendant TYLER HILL CORPORATION respectfully petitions the Court to accept this Notice of Removal, and that all further proceedings in this matter be conducted before the United States District Court for the Eastern District of New York.

DATED:      June 19, 2007
            New York, New York

                    RUBIN, HAY & GOULD, P.C.

        By:      _____/s/_____
                    Rodney E. Gould, Esq. (9871)
                    Email: rgould@rhglaw.com
                    Robert C. Mueller, Esq. (1882)
                    Email: rmueller@rhglaw.com
                    205 Newbury Street
                    P.O. Box 786
                    Framingham, MA   01701-0202
                    Tel:  (508) 875-5222
                    Fax:  (508) 879-6803

                    -and-

                    MOUND COTTON WOLLAN & GREENGRASS

        By:      Costantino P. Suriano (4061)
                    Costantino Suriano, Esq. (4061)
                    Email:  CSuriano@moundcotton.com
                    One Battery Park Plaza
                    New York, NY  10004
                    Tel:  (212) 804-4200
                    Fax:  (212) 344-8066

                    Attorneys for the Defendants
                    TYLER HILL CORPORATION,
                    TIMBER LAKE CORPORATION,
                    TIMBER LAKE CAMP WEST CORPORATION,
                    TIMBER LAKE CENTERS, INC.,
                    TLC KIDS GROUP, INC. and
                    TIMBERLAKE MANAGEMENT CORP.

                                11