# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------X

SARA YAKIN,

               Plaintiff,

   -against-

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION, TIMBER
LAKE CENTERS, INC., TLC KIDS GROUP, INC., and
TIMBERLAKE MANAGEMENT CORP.,

               Defendants.
-----------------------------------------X

Index No. 9203/07

SUMMONS

Plaintiff designates Nassau County as the place of trial.

The basis of the venue is a contractual agreement (Par.7) between Plaintiff and Defendants

Defendants' principal place of business:

85 Crescent Beach Road
Glen Cove, NY 11542

To the above Defendants:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: White Plains, New York
       May 23, 2007

Defendants' Addresses:

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CAMP WEST
CORPORATION, TIMBER LAKE CENTERS,
INC., TLC KIDS GROUP, INC. and TIMBERLAKE
MANAGEMENT CORP.
85 Crescent Beach Road
Glen Cove, NY 11542

TIMBER LAKE CORPORATION
c/o Spizz and Cooper
114 Old Country Road
Mineola, NY 11501

Yours, etc.,

*Daniel A. Kalish*

Daniel A. Kalish
Attorney for Plaintiff
SARA YAKIN
175 Main Street, Suite 207
White Plains, NY 10601
(914) 761-6177

RECEIVED
MAY 24 2007
NASSAU COUNTY
COUNTY CLERKS OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------X  Index No. 9203/07

SARA YAKIN,                                                     VERIFIED COMPLAINT

          Plaintiff,

-against-

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC., TLC KIDS GROUP,
INC. and TIMBERLAKE MANAGEMENT CORP.

          Defendants.
-------------------------------------------------------------X

RECEIVED
MAY 24 2007
NASSAU COUNTY
COUNTY CLERKS OFFICE

    Plaintiff, complaining of the Defendants, by her attorney, Daniel A. Kalish, respectfully shows to this Court and alleges the following:

    1. Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CAMP, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    2. Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CAMP, INC., was a foreign corporation, doing business and authorized to do business in the State of New York.

    3. Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CAMP, INC., was doing business in the State of New York.

    4. Upon information and belief, that at all times hereinafter mentioned Defendant, TYLER HILL CAMP, INC., operated a summer youth camp known as Tyler Hill Camp.

5. Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CORPORATION, was a foreign corporation, doing business and authorized to do business in the State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CORPORATION, was doing business in the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned Defendant, TYLER HILL CORPORATION, operated a summer youth camp known as Tyler Hill Camp.

9. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CORPORATION, was a foreign corporation, doing business and authorized to do business in the State of New York.

11. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CORPORATION, was doing business in the State of New York.

12. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE CORPORATION, operated a summer youth camp known as Tyler Hill Camp.

13. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CAMP WEST CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CAMP WEST CORPORATION, was a foreign corporation, doing business and authorized to do business in the State of New York.

15. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CAMP WEST CORPORATION, was doing business in the State of New York.

16. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE CAMP WEST CORPORATION, operated a summer youth camp known as Tyler Hill Camp.

17. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CENTERS, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CENTERS, INC., was a foreign corporation, doing business and authorized to do business in the State of New York.

19. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CENTERS, INC., was doing business in the State of New York.

20. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE CENTERS, INC., operated a summer youth camp known as Tyler Hill Camp.

21. Upon information and belief, that at all times hereinafter mentioned, Defendant, TLC KIDS GROUP, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

22. Upon information and belief, that at all times hereinafter mentioned, Defendant, TLC KIDS GROUP, INC., was a foreign corporation, doing business and authorized to do business in the State of New York.

23. Upon information and belief, that at all times hereinafter mentioned, Defendant, TLC KIDS GROUP, INC., was doing business in the State of New York.

24. Upon information and belief, that at all times hereinafter mentioned Defendant, TLC KIDS GROUP, INC., operated a summer youth camp known as Tyler Hill Camp.

25. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE MANAGEMENT CORP., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

26. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE MANAGEMENT CORP., was a foreign corporation, doing business and authorized to do business in the State of New York.

27. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE MANAGEMENT CORP., was doing business in the State of New York.

28. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE MANAGEMENT CORP., operated a summer youth camp known as Tyler Hill Camp.

29. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE CORPORATION to place Plaintiff in Tyler Hill Camp for the summer of 1999.

30. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE CAMP WEST CORPORATION to place Plaintiff in Tyler Hill Camp for the summer of 1999.

31. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE CENTERS, INC., to place Plaintiff in Tyler Hill Camp for the summer of 1999.

32. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE MANAGEMENT CORP. to place Plaintiff in Tyler Hill Camp for the summer of 1999.

33. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TLC KIDS GROUP, INC., to place Plaintiff in Tyler Hill Camp for the summer of 1999.

34. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TYLER HILL CAMP, INC., to place Plaintiff in Tyler Hill Camp for the summer of 1999.

35. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TYLER HILL CORPORATION to place Plaintiff in Tyler Hill Camp for the summer of 1999.

36. That the said transaction took place in New York.

37. That each defendant's principal place of business was in New York, in the years 1998 and 1999.

38. That on or about July 2, 1999, while Plaintiff, SARA YAKIN was participating in said camp program, and in particular, waterskiing, she was swung into a dock by the powerboat towing her, thereby causing her to sustain severe and permanent personal injuries.

39. That said incident was as a result of the carelessness and negligence of Defendants herein, their agents, servants, and/or employees.

40. That Defendants, their agents, servants and/or employees, were negligent and careless in causing and directing Plaintiff, SARA YAKIN, to participate in waterskiing; in failing to observe and maneuver the boat so as to avoid dangerous collisions; in failing to operate the powerboat at a reasonable speed and in a reasonable manner; in failing to adequately train, supervise and/or monitor waterskiing personnel; Defendants were otherwise careless and negligent in the premises.

41. That as a result of the foregoing, Plaintiff was rendered sick, sore, and disabled; suffered injuries both internal and external, pain and mental anguish; was confined to home for a period of time; was compelled to seek medical care and attention and will in the future be compelled to seek medical care and attention; was prevented from following her usual activities, and may in the future be disabled from following her usual activities.

42. That as a result of the foregoing, Plaintiff has been injured in a sum greater than the jurisdictional limits of all lower courts which would otherwise have had jurisdiction herein.

WHEREFORE, Plaintiff demands judgment against defendants in a sum greater than the jurisdictional limits of all lower courts which would otherwise have had jurisdiction herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
       May 23, 2007

Yours, etc.;

*Daniel A. Kalish*

Daniel A. Kalish
Attorney for Plaintiff
SARA YAKIN
175 Main Street, Suite 207
White Plains, NY 10601
(914) 761-6177

STATE OF NEW YORK            )
        NEW YORK            ) ss.:
COUNTY OF ~~WESTCHESTER~~   )

SARA YAKIN, being duly sworn, deposes and says that she is the Plaintiff in the foregoing action, that she has read and knows the contents of the foregoing Complaint; that the same is true to her own knowledge, except as to the matters stated to be alleged on information and belief, and that as to those matters, she believes them to be true.

                                                    Sara Yakin

Sworn to before me this
24th day of May 2007

Notary Public

ELEANOR DAVID
Notary Public, State of New York
Qualified in New York County
Reg. No. 01DA0122249
My Commission Expires 02/07/2009