UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

SARA YAKIN,

                              **07 Civ. 2444 (SJF) (WDW)**

                Plaintiff,

     -against-

TYLER HILL CAMP, INC., TYLER HILL CORPORATION,
TIMBER LAKE CORPORATION, TIMBER LAKE CAMP
WEST CORPORATION, TIMBER LAKE CENTERS, INC.,
TLC KIDS GROUP, INC., and TIMBERLAKE
MANAGEMENT CORP.,

                Defendants.

-------------------------------------------------------------------------------X

### NOTICE OF MOTION TO REMAND

**PLEASE TAKE NOTICE** that upon the pleadings and proceedings heretofore had herein,

and upon the annexed Motion to Remand to state court with Exhibits, accompanying

Memorandum in Support thereof, and the Affidavit of Jenny Yakin dated July 13, 2007, with

Exhibits, undersigned counsel for the plaintiff will move the Honorable Sandra J. Feuerstein of

this Court, to be held at the Courthouse located at 100 Federal Plaza, Central Islip, NY 11722, for

an Order remanding this action to Supreme Court of the State of New York, Nassau County, in

which it was commenced, and for such other and further relief as to the Court may seem just

and proper.

Dated: White Plains, New York
       July 16, 2007

Yours, etc.,

Daniel A. Kalish (DK5250)
Attorney for Plaintiff
SARA YAKIN
175 Main Street, Suite 207
White Plains, NY  10601
(914) 761-6177

To:  Clerk of the Court
     Eastern District of New York,US District Court
     Long Island Court House
     100 Federal Plaza
     Central Islip, NY 11722

Rodney E. Gould, Esq.  (9871)
rgould@rhglaw.com (e-mail)
Robert C. Mueller, Esq. (1882)
rmueller@rhglaw.com (e-mail)
Rubin, Hay & Gould, P.C.
Attorney for Defendants
205 Newbury Street
P.O. Box 786
Framingham, MA 01701-0202
(508) 875-5222
(508) 879-6803 (Fax)

To: Constantino Suriano, Esq. (4061)
    Mound Cotton Wollan & Greengrass
    Attorneys for Defendants
    One Battery Plaza
    New York, NY 10004
    (212) 804-4200
    (212) 344-8066 (Fax)
    CSuriano@moundcotton.com (e-mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SARA YAKIN,                                                    **07 Civ. 2444 (SJF) (WDW)**

              Plaintiff,

    -against-

TYLER HILL CAMP, INC., TYLER HILL CORPORATION,
TIMBER LAKE CORPORATION, TIMBER LAKE CAMP
WEST CORPORATION, TIMBER LAKE CENTERS, INC.,
TLC KIDS GROUP, INC., and TIMBERLAKE
MANAGEMENT CORP.,

              Defendants.
-------------------------------------------------------------------------X

## MOTION TO REMAND TO STATE COURT

Plaintiff, SARA YAKIN, appearing herein through the undersigned, Daniel A. Kalish,

respectfully moves this Court pursuant to 28 U.S.C. § 1447 (c) to remand this case to the

Supreme Court, County of Nassau, State of New York from which it was improperly removed

by the defendant, TYLER HILL CORPORATION. Plaintiff's motion for remand is based upon

the following grounds, as well as those set forth in the accompanying memorandum:

1.      The case belongs in Supreme Court of the State of New York, Nassau County,

based on the forum selection clause in a contract entered into between Plaintiff's mother and

Tyler Hill Camp in July or August of 1998. Annexed hereto is the Affidavit of Jenny Yakin

dated July 13, 2007, which contains Exhibits A, B and C.

2.      I also enclose the following Exhibits, which are referred to in the accompanying

Memorandum of Support:

        ▪  Notice of Removal as **Exhibit "A"**

        ▪  Summons and Complaint as **Exhibit "B"**

- Answer  as Exhibit **"C"**

- Declaration  of Jay S. Jacobs as **Exhibit "D"**

WHEREFORE, it is respectfully requested that this Honorable Court remand this matter to the

Supreme Court of the State of New York, County of Nassau, from which it was improperly

removed, together with such other, further and different relief as to this Honorable Court may

seem just and proper.

Dated:   White Plains, New York
         July 16, 2007

                                        Yours, etc.,

                                        *Daniel A. Kalisl*

                                        Daniel A. Kalish (DK5250)
                                        Attorney for Plaintiff
                                        SARA YAKIN
                                        175 Main Street, Suite 207
                                        White Plains, NY  10601
                                        (914) 761-6177

To: Constantino Suriano, Esq. (4061)        Rodney E. Gould, Esq.  (9871)
    Mound Cotton Wollan & Greengrass        rgould@rhglaw.com (e-mail)
    Attorneys for Defendants                Robert C. Mueller, Esq. (1882)
    One Battery Plaza                        rmueller@rhglaw.com (e-mail)
    New York, NY 10004                       Rubin, Hay & Gould, P.C.
    (212) 804-4200                           Attorney for Defendants
    (212) 344-8066 (Fax)                     205 Newbury Street
    CSuriano@moundcotton.com (e-mail)        P.O. Box 786
                                             Framingham, MA 01701-0202
                                             (508) 875-5222
                                             (508) 879-6803 (Fax)

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

SARA YAKIN,                                                  **07 Civ. 2444 (SJF) (WDW)**

                    Plaintiff,

        -against-

TYLER HILL CAMP, INC., TYLER HILL CORPORATION,
TIMBER LAKE CORPORATION, TIMBER LAKE CAMP
WEST CORPORATION, TIMBER LAKE CENTERS, INC.,
TLC KIDS GROUP, INC., and TIMBERLAKE
MANAGEMENT CORP.,

                    Defendants.

-----------------------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF
## MOTION TO REMAND TO STATE COURT

*MAY IT PLEASE THE COURT:*

### FACTUAL BACKGROUND

In the summer of 1998, Plaintiff's mother entered into a contractual agreement with

Tyler Hill Camp, for the purpose of enrolling Plaintiff into summer camp. When Plaintiff's

mother enrolled her daughter, Plaintiff, SARA YAKIN, in Tyler Hill Camp, both Jenny Yakin

and the camp agreed that the legal forum for resolving disputes would be the state forum,

specifically in Nassau County, State of New York. (**See** Exhibit "B" and "C" of Jenny Yakin's

Affidavit)

The agreement stated in paragraph 7 that: "It is agreed that the venue and place of trial

of any dispute that may arise out of this Agreement or otherwise, to which Tyler Hill Camp, or

its agents, is a party shall be in Nassau County, New York". (**See** Exhibits "B" and "C" of Jenny

Yakin's Affidavit, p.2 entitled Terms of Agreement)

On July 2, 1999, Plaintiff, SARA YAKIN, thirteen years old at the time, was a camper at Tyler Hill Camp in Tyler Hill, Pennsylvania.   While waterskiing, she was swung into a dock by the powerboat towing her, operated by a camp staff member, causing her to sustain permanent personal injuries.

On May 24, 2007 Plaintiff commenced an action for damages arising out of personal injuries sustained in the incident.  The case was filed in New York State Supreme Court, Nassau County, and was assigned Index No. 9203/07.

On or about June 18, 2007 defendant, TYLER HILL CORPORATION, improperly removed the case from state court to United States District Court, Eastern District of New York, claiming, *inter alia*, complete diversity.  The Defendants' attorneys completely disregarded the forum selection clause in the contract drafted by the camp. (See **Exhibit "A"** of the Motion papers)

**DEFENDANTS ARE BARRED FROM REMOVAL**
**BASED ON THE FORUM SELECTION CLAUSE**

Defendant's Notice of Removal was improper in light of the forum selection clause in the agreement drafted by defendants, and which the camp required Jenny Yakin to sign. Annexed hereto and made a part hereof is an Affidavit of Jenny Yakin, Plaintiff's mother, dated July 13, 2007 which sets forth the most compelling reason for remanding this case to state court.

The forum selection clause set forth as Item "7" of the "Terms of Agreement" is mandatory, not permissive, as it states that "trial of any dispute … **shall** be in Nassau County, New York". (emphasis supplied)

In <u>Florida Polk County v. Prison Health Services Inc.,</u> 170 F.3d 1081, the United States Court of Appeals, Eleventh Circuit, held that a forum selection clause is enforceable, and remanded the case to State Court after its removal by the defendant. The Court stated that "to read the clause as mandatory-thus requiring all litigation arising out of the contract to take place in the circuit court of Polk County [state court]-gives the provision meaning. If we were to accept [defendant's] argument [that the forum selection clause is permissive], therefore, we would be forced to disregard a fundamental principle of contract law. We refuse to do so."

Although the <u>Florida Polk County</u> case was a contract action, and this case is a tort action, Defendants cannot be heard to argue the forum selection clause is inapplicable to Plaintiff's case. The forum selection clause in the contract states "any dispute that may arise out of this Agreement or **otherwise"** shall be in Nassau County, New York." (emphasis supplied)

Defendants' camp is in Pennsylvania and operates approximately eight weeks per year. For the remaining forty-four weeks of the year, the camp apparently conducts its business from its office in New York. The camp refers to this office as its "winter office".

In his declaration in support of removal, Jay S. Jacobs, Executive Director of Tyler Hill Corporation, states that "[t]he winter office in New York, merely serves to accept enrollment application, etc. during the off season." Annexed hereto is the Declaration of Jay S. Jacobs Executed on June 15, 2007 in Shandaken, New York. (**See** Exhibit "D" of the Motion papers)

Mr. Jacobs' casual inclusion of "etc." is quite telling. While he would have the Court believe that the only thing the "winter office" does is "merely" accept enrollment applications, it should be noted that "etc." (*et cetera*) means "and others" or "a number of other things or persons unspecified", according to Webster's Encyclopedic Unabridged Dictionary of the English Language. Do prospective counselors and staff members interview for positions in New York, or only at the camp? Is correspondence handled at the "winter office" during the

forty-four week long "off season"?  We are not told what other camp business "etc." could refer

to.  Clearly, the camp does business in the State of New York and operates out of its "winter

office" to some degree.  Even if the camp's only New York activity were accepting enrollment

applications, it is still an integral part of the camp's business.

 Mr. Jacobs does not mention that the application he refers to contain a forum selection

clause designating Nassau County, State of New York, as the place of trial, the County in which

the camp's "winter office" is located.

 In the leading case with regard to forum selection clauses, the Supreme Court stated:

> The threshold question is whether [the district court] should have exercised
> its jurisdiction to do more than give effect to the legitimate expectations of
> the parties, manifested in their freely negotiated agreement, by specifically
> enforcing the forum clause.

M/S Bremen v. Zapata Off-Shore Company, 407 U.S. 1, 92 S.Ct 1907

 That case involved a shipping contract between an American corporation based in Texas

and a German corporation.  The contract contained a forum selection clause designating the

High Court of Justice in London, England as the forum.  The Supreme Court upheld the clause,

holding that:

> The forum clause should control absent a strong showing that it should be set aside . . .
> the correct approach would have been to enforce the forum selection clause specifically
> unless Zapata could clearly show that enforcement would be unreasonable and unjust,
> or that the clause was invalid for such reasons as fraud or overreaching.

(<em>Supra</em>  at p.15)

 In the case at bar, Plaintiff resides in Westchester County, New York.  Defendants' camp

admittedly has a New York office in Nassau County, and it was defendant, Tyler Hill

Corporation, who drafted the contract with the forum selection clause.  It cannot be said to be

unjust or unreasonable to enforce the clause.  Even if a witness has to come from Pennsylvania,

which is by no means a certainty, it is not so inconvenient or unreasonable to expect such a

8

witness to make the trip to Nassau County.  The court in <u>M/S Bremen</u> enforced the forum

selection clause that required the parties to come to a different country for trial.  Here it cannot

be said to be unreasonable or burdensome for the parties to appear for trial in Nassau County,

where defendant is located forty-four weeks out of the year.  What would be unjust and

unreasonable is to transfer this case to Middle District of Pennsylvania in accordance with the

Fourth Affirmative Defense asserted in defendants' Answer. (**See** Exhibit "C" of the motion

papers)


## CONCLUSION

The forum selection clause should be enforced and the case should be remanded to state court.


Respectfully submitted,

Daniel A. Kalish (DK5250)
Attorney for Plaintiff
SARA YAKIN
175 Main Street, Suite 207
White Plains, NY  10601
(914) 761-6177
(914) 761-1959 (Fax)
Kalish@personalinjurylawnewyork.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   **No. 07 Civ. 2444 (SJF) (WDW)**

SARA YAKIN,

                       Plaintiff,                          **AFFIDAVIT**

     -against-

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC., TLC KIDS GROUP,
INC., and TIMBERLAKE MANAGEMENT CORP.,

                      Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK       )
                          ) ss.:
COUNTY OF WESTCHESTER   )

     JENNY YAKIN, being duly sworn, deposes and says the following under penalty of

perjury:

     1.     I reside at 5 Harmony Hill, Cortlandt Manor, NY.

     2.     My daughter SARA YAKIN is the Plaintiff in the above-captioned action.

     3.     SARA YAKIN attended Tyler Hill Camp in Tyler Hill, Pennsylvania, in the

summers of 1996, 1997, 1998 and 1999.

     4.     In July or August of each year, I completed an Enrollment Application for the

following year, which had "Terms of Agreement" on the reverse side.

     5.     I completed the Enrollment Application each year, which stated the business

address of the camp as 144 Woodbury Road, Woodbury, NY 11797.

     6.     Annexed hereto as **Exhibit "A"** are the statements for 1996 (dated 10/1/95),

1997 (dated 9/27/96) and 1998 (dated 10/1/97), and 1999 (dated 9/24/98).  Each statement has

the 144 Woodbury Road, Woodbury, NY 11797.

7.     Annexed hereto as **Exhibit "B"** is a copy of the Enrollment Application I signed to place my daughter in the camp for the summer of 1998.  The reverse side sets forth the "Terms of Agreement".

8.     While I cannot locate the contract for the year 1999, I signed an Enrollment Application each year containing the same "Terms of Agreement".

9.     Annexed hereto as **Exhibit "C"** is a copy of a blank Enrollment Application for the year 2000, front and back.  The reverse side contains the same "Terms of Agreement" as **Exhibit "A"** contained for the year 1998.

10.     Item "7" of the Terms of Agreement for 1998, 1999 (the year my daughter Sara was injured at the camp), and 2000 states as follows:   "It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement or otherwise, to which Tyler Hill Camp, or its agents, is a party shall be in Nassau County, New York."

11.     The "Terms of Agreement" was signed by me and the Director of the camp for the year 1999.

12.     My daughter's attorney has informed me that the Camp is now seeking to avoid being bound by item seven of the "Terms of Agreement".

13.     Just as I would have been bound by the Terms of Agreement to defend a case against me in Nassau County, Supreme Court, State of New York, I respectfully request that the Court require the Camp to be bound by the agreement it required me to sign.

Sworn to before me this
13th day of July, 2007

Daniel A. Kalish
Notary Public, State of New York
No. 02KA6088292
Qualified in Westchester County
Commission Expires:  March 3, 2011

_Daniel A. Kalish_
Notary Public

_JENNY YAKIN_

**EXHIBIT "A"** TO JENNY YAKIN'S AFFIDAVIT



# TYLER HILL CAMP

### 144 Woodbury Road
### Woodbury, NY  11797

### 516 / 367-6700

The Parent Of:
Sara        Yakin
5 Harmony Hill
Cortlandt Manor        NY 10566

**STATEMENT DATE**
10/01/95

| DESCRIPTION | | | | AMOUNT |
|---|---|---|---|---|
| Tuition | | | | $5150.00 |
| Blankets | | | | |
| Luggage | | | | |
| Insurance | | | | |
| Trip | | | | |
| Other | | | | |
| **CREDITS:** | | | | |
| Early Enrl. | $250.00 | | | |
| Early Payt. | | | | |
| Work Allow | | | | |
| Sibling | $150.00 | | | |
| Other | | | | |
| | | | Credits - | $400.00 |

| | |
|---|---|
| **TOTAL TUITION** | $4750.00 |
| **TOTAL PAID** | $900.00 |
| **BALANCE DUE** | $3850.00 |
| | 250 00 |

$ 2600.00

Jul.12. 2007  5:38PM                                            No.1829   P. 2



# TYLER HILL CAMP

## 144 Woodbury Road
## Woodbury, NY 11797

### 516 / 367-6700

The Parent Of:
Sara          Yakin
5 Harmony Hill
Cortlandt Manor        NY 10566

STATEMENT DATE
09/27/96

| DESCRIPTION | | | | AMOUNT |
|---|---|---|---|---|
| Tuition | | | | $5150.00 |
| Blankets | | | | |
| Luggage | | | | |
| Insurance | | | | |
| Trip | | | | |
| Other | | | | |
| CREDITS: | | | | |
| Early Enrl. | $250.00 | | | |
| Early Payt. | | | | |
| Work Allow | | | | |
| Sibling | $150.00 | | | |
| Other | | | | |
| | | | Credits | $400.00 |

| | |
|---|---|
| TOTAL TUITION | $4750.00 |
| TOTAL PAID | $1000.00 |
| BALANCE DUE | $3750.00 |

THANK YOU!

Jul.12. 2007  5:38PM                                                No.1829   P. 3



# TYLER HILL CAMP

## 144 Woodbury Road
## Woodbury, NY 11797

### 516 / 367-6700

The Parent Of:
Sara        Yakin
5 Harmony Hill
Cortlandt Manor        NY 10566

STATEMENT DATE
10/01/97

| DESCRIPTION | | | | AMOUNT |
|---|---|---|---|---|
| Tuition | | | | $5150.00 |
| Blankets | | | | |
| Luggage | | | | |
| Insurance | | | | |
| Trip | | | | |
| Other | | | | |
| CREDITS: | | | | |
| Early Enrl. | $300.00 | | | |
| Early Payt. | | | | |
| Work Allow | | | | |
| Sibling | | | | |
| Other | | | | |
| | | | Credits | $300.00 |

11-1-97  pd. 3550.00
bal. on visa

| | |
|---|---|
| TOTAL TUITION | $4850.00 |
| TOTAL PAID | $1000.00 |
| BALANCE DUE | $3850.00 |

THANK YOU!

Jul.12. 2007  5:39PM                                              No.1829   P. 4



# TYLER HILL CAMP

## 144 Woodbury Road
## Woodbury, NY  11797

### 516 / 367-6700

The Parent Of:
Sara         Yakin
5 Harmony Hill
Cortlandt Manor          NY 10566

STATEMENT DATE
09/24/98

| DESCRIPTION | | | | AMOUNT |
|---|---|---|---|---|
| Tuition | | | | $5150.00 |
| Blankets | | | | |
| Luggage | | | | |
| Insurance | | | | |
| Trip | | | | |
| Other | | | | |
| CREDITS: | | | | |
| Early Enrl. | $300.00 | | | |
| Early Payt. | | | | |
| Work Allow | | | | |
| Sibling | | | | |
| Other | | | | |
| | | | Credits | $300.00 |

Federal Tax ID #: 11-3059120

paid visa 10-10-98.
bal. $ 3550. 00

| | TOTAL TUITION | $4850.00 |
|---|---|---|
| | TOTAL PAID | $1000.00 |
| THANK YOU! | BALANCE DUE | $3850.00 |

**EXHIBIT "B"** TO JENNY YAKIN'S AFFIDAVIT

Jul. 5. 2007 4:34PM Tyler Hill Camp
No.1785 P. 5

**Tyler Hill Camp**
**144 Woodbury Road**
**Woodbury, NY 11797**
**(516) 367-6700**
**Fax: (516) 367-2737**

# 1998 ENROLLMENT
# APPLICATION

**THE**
**TYLER**
**HILL**

Visiting Day                                    50 ✓

**Early Enrollment Credit**                      $250 ☑
(Enrolled by Sept. 1st, 1997)

**Early Payment Credit**                         $300 ☑
(Paid-in-full by Nov. 1st, 1997)

**Sibling Credit**                               $150 [ ]
(For each additional child after
the first enrolled)

Date 7 - 1 9 - 97

Please enroll my child at the Enrollment Rate of $5850

Tuition includes all regular camp activities, canteen account, laundry and linen service, counselor tips, and roundtrip transportation and shipment of two duffles with the bus.

The deposit is $3000, payable as follows: $1000 on enrollment, $1000 by November 1st, and $1000 by March 1st. Balance is due, in full, May 15, 1998. *Visa and Mastercard accepted.*

**All deposits are fully refundable through December 31st, 1997**

Child's Name: Sara Yakin                         Birthdate: 5-28-86

Address: 5 Harmony Hill                          School Grade Sept '98: 6

Cortlandt Manor NY 10566
City                State        Zip

Home Phone: 914 - 734 - 8471                     First Year At TLC: 1996
(Area Code)

Work Phone: 914 - 762 - 0550                     Male [ ] Female ☑
(Area Code)

Parents Name: Renald                             Jenny
              Father                                    Mother

There is a two-week trial period for new campers. If your child does not adjust within this period, for any reason, there will be a charge of one-half the tuition with a full refund of the balance. No other allowances can be made for late arrival or early departure.

## - PLEASE SIGN ON BACK -



(over)

# TERMS OF AGREEMENT

(1) This contract shall not be valid unless signed below by the Parent or Guardian of the camper to be enrolled and by the Camp Director as having accepted the enrollment.

(2) In consideration of the camper's enrollment, the Camp shall provide for all-camp activities for the camper along with laundry, linen service, roundtrip transportation and all counselor tips.

(3) The parents and camper agree to abide by all camp policies including, but not limited to the following:

(a) Tipping of any staff, in whatever manner or fashion, is prohibited.

(b) With the exception of Visiting Day, no food is permitted in camper bunks.

(c) For the general welfare of all campers, each child is entitled to one visiting day each summer and one phone call per week, after the first week of camp.

(4) The three portions of the deposit shall be paid on schedule and the full balance shall be paid prior to the start of the season. The deposit is fully refundable through December 31st. Where a camper, prior to the season, is unable to attend because of injury or illness, properly documented, all monies will be fully refunded.

(5) Due to the seasonal nature of summer camping and the set limitation on spaces offered, no refund shall be provided for late arrival or early departure, or dismissal for cause. Tuition and fees paid are agreed to be the fair and reasonable sum as and for liquidated damages.

(6) For the safety and general welfare of all campers, the Camp reserves the unrestricted right to dismiss a camper whose conduct or influence, in the opinion of the director, is inimical to the best interests of the Camp.

(7) It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement or otherwise, to which Tyler Hill Camp, or its agents, is a party shall be in Nassau County, New York.

(8) This contract constitutes the full understanding of the parties hereto and no change, modification or waiver of any of the terms shall be effective unless in writing and signed by both parties.

I have read the Enrollment Agreement above and understand its terms and accept its conditions. In the event that this Agreement is executed by one parent, I acknowledge that I am also acting as the agent of the other parent with authority to so enroll my child at Tyler Hill Camp and to execute this Agreement on his or her behalf. I recognize that the Camp relies upon the representations herein made in accepting this enrollment.

_____                    _____
Parent's Signature                                 Director's Signature

**EXHIBIT "C"** TO JENNY YAKIN'S AFFIDAVIT



**Tyler Hill Camp**
**144 Woodbury Road**
**Woodbury, NY  11797**

# 2000 Enrollment
# Application

| | |
|---|---|
| **Early Enrollment Credit** (Enrolled by Sept. 1st 1999) | $250 ( ) |
| **Early Payment Credit** (Paid-in-full by Nov. 1st 1999) | $300 ( ) |
| **Sibling Credit** (For each additional child after the first enrolled) | $150 ( ) |

Date_____

Please enroll my child at the Enrollment Rate of $6500

Tuition includes all regular camp activities, canteen account, laundry and linen service, counselor tips, and roundtrip transportation and shipment of two duffels with the bus.

The deposit is $3750, Payable as follows: $1250 on enrollment, $1250 by November 1st, and $1250 by March 1st. Balance is due, in full, May 15, 2000. *Visa and MasterCard accepted.*

*All deposits are fully refundable through December 31st, 1999.*

Child's Name _____          Birthdate: _____ 19_____

Address _____               School Grade in Sept. 2000 _____
       Street

City _____                  State _____  Zip _____

Home Phone: _____/_____/_____
           (Area Code)                          First Year at THC: _____

Work Phone: _____/_____/_____
           (Area Code)

Father _____                 Mother _____

There is a two-week trial period for new campers. If your child does not adjust within this period, for any reason, there will be a charge of one-half the tuition with a full refund of the balance. No other allowances can be made for late arrivals or early departures.

**PLEASE SIGN ON BACK**

Phone: (516) 367-6700          Fax: (516) 367-2737          E-mail: TylerHill@camptlc.com

Web Page www.camptlc.com

(Over)

# TERMS OF AGREEMENT

(1) This contract shall not be valid unless signed by the Parent or Guardian of the camper to be enrolled and by the Camp Director as having accepted the enrollment.

(2) In consideration of the camper's enrollment, the Camp shall provide for all-camp activities for the camper along with laundry, linen service, roundtrip transportation and all counselor tips.

(3) The parents and camper agree to abide by all camp policies including, but not limited to the following:

     (a) Tipping of any staff, in whatever manner or fashion, is prohibited.

     (b) With the exception of Visiting Day, no food is permitted in camper bunks.

     (c) For the general welfare of all campers, each child is entitled to one visiting day each summer and one phone call per week, after the first week of camp.

(4) The three portions of the deposit shall be paid on schedule and the full balance shall be paid prior to the start of the season. The deposit is fully refundable through December 31st. Where a camper, prior to the season, is unable to attend because of injury or illness, properly documented, all monies will be fully refunded.

(5) Due to the seasonal nature of summer camping and the set limitation on spaces offered, no refund shall be provided for late arrival or early departure, or dismissal for cause. Tuition and fees paid are agreed to be the fair and reasonable sum as and for liquidated damages.

(6) For the safety and general welfare of all campers, the Camp reserves the unrestricted right to dismiss a camper whose conduct or influence, in the opinion of the director, is inimical to the best interests of the Camp.

(7) It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement or otherwise, to which Tyler Hill Camp, or its agents, is a party shall be in Nassau County, New York.

(8) This contract constitutes the full understanding of the parties hereto and no change, modification or waiver of any of the terms shall be effective unless in writing and signed by both parties.

I have read the Enrollment Agreement above and understand its terms and accept its conditions. In the event that this Agreement is executed by one parent, I acknowledge that I am also acting as the agent of the other parent with authority to so enroll my child at Tyler Hill Camp and to execute this Agreement on his or her behalf. I recognize that the Camp relies upon the representations herein made in accepting this enrollment.

_____          _____

Parent's Signature                         Director's Signature

**EXHIBIT "A"** TO MOTION TO REMAND

Recd. 6/20/07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SARA YAKIN,

                                        Docket No.

              Plaintiff,

      -against-

TYLER HILL CAMP, INC.,
TYLER HILL CORPORATION,
TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC.,
TLC KIDS GROUP, INC., and
TIMBERLAKE MANAGEMENT CORP.,

              Defendants.
------------------------------------X

## NOTICE OF REMOVAL

       Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant TYLER
HILL CORPORATION hereby files this Notice of Removal of the
above-captioned matter from the Supreme Court of the State of
New York, County of Nassau, to the United States District Court
for the Eastern District of New York.  The Defendant's petition
for removal is based upon the following grounds:

## BASIS FOR JURISDICTION

       1.    The  United  States  District  Court  for  the  Eastern
District of New York has original jurisdiction over this matter
under  28  U.S.C.  §  1332(a)(1),  there  being  complete  diversity
between  the  citizenship  of  the  Plaintiff  and  that  of  all
Defendants not fraudulently joined, as further described below,
and being that the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, as further described below.

2.     This lawsuit is therefore removable from state court to the District Court of the United States pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1) and (c)(1).

## TIMELINESS OF REMOVAL

3.     On May 24, 2007 the Plaintiff SARA YAKIN filed her Verified Complaint in this matter in the Supreme Court of the State of New York, County of Nassau, being Index No. 9203/07.  A copy of the Summons and Complaint are attached hereto as Exhibit A.  On May 30, 2007, TYLER HILL CORPORATION was served with a copy of the Summons and Complaint.

4.     The time within which TYLER HILL CORPORATION is required to file a Notice of Removal of this action to this Court has not yet expired.  TYLER HILL CORPORATION was served on May 30, 2007.  Under 28 U.S.C. § 1446(b), TYLER HILL CORPORATION has until June 29, 2007 to effect removal of this action.

## ALLEGATIONS IN THE COMPLAINT

5.     The Plaintiff's Complaint stems from injuries the Plaintiff received on or about July 2, 1999 while an attendee at the Tyler Hill Camp in Tyler Hill, Pennsylvania.  Specifically, the Plaintiff alleges that while participating in said camp program, she was swung into a dock while waterskiing by the

2

powerboat that was towing her, causing her to sustain severe and permanent personal injuries. (Ex. A, Complaint, ¶ 38.) The Plaintiff alleges that the incident was a result of the carelessness and negligence of the Defendants, their agents, servants and/or employees. (Id., ¶ 39.) Specifically, the Plaintiff alleges that the Defendants were negligent and careless in causing and directing the Plaintiff to participate in waterskiing, in failing to observe and maneuver the boat so as to avoid dangerous collisions, in failing to operate the powerboat at a reasonable speed and in a reasonable manner, and failing to adequately train, supervise and/or monitor the waterskiing personnel. (Id., ¶ 40.)

6. The Plaintiff alleges in her Complaint that as a result of the incident, the Plaintiff was "rendered sick, sore and disabled; suffered injuries both internal and external, pain and mental anguish; was confined to home for a period of time; was compelled to seek medical care and attention and will in the future be compelled to seek medical care and attention; was prevented from following her usual activities, and may in the future be disabled from following her usual activities." (Id., ¶ 41.)

3

**CITIZENSHIP OF THE PARTIES**

7.   The   Complaint   does   not   set   forth   the   present citizenship or residence of the Plaintiff SARA YAKIN.   According to   information   in   the   files   of   the   Defendant   TYLER   HILL CORPORATION, at the time of the incident in 1999, the Plaintiff SARA YAKIN resided in Cortlandt Manor, New York.   (Exhibit B, Declaration of Jay S. Jacobs ["Jacobs Dec."], ¶ 8.)   The Verification Page of the Complaint indicates that the Plaintiff executed the Verification in New York County, New York.   (Ex. A, Complaint.)   Upon information and belief, both at the time the Complaint was filed and at the time of this removal, the Plaintiff SARA YAKIN has been a citizen and resident of the State of New York.

8.   At all times relevant to this litigation, the removing Defendant TYLER HILL CORPORATION has been a corporation duly authorized and existing under the laws of the Commonwealth of Pennsylvania.   (Ex. B, Jacobs Dec., ¶ 2.)   At all times relevant to this litigation, TYLER HILL CORPORATION'S headquarters and principal place of business was located at 1017 Cochecton Turnpike, Tyler Hill, Pennsylvania.   (Id., ¶ 3.)   At all times relevant to this litigation, TYLER HILL CORPORATION has operated a summer camp for children, known as the Tyler Hill Camp, at this address.   (Id.)   TYLER HILL CORPORATION's sole endeavor is

4

the operation of this one camp in Tyler Hill, Pennsylvania. (Id.) Although TYLER HILL CORPORATION has a "winter office" at 85 Crescent Beach Road, Glen Cove, New York, the New York office is neither the headquarters nor the principal place of business of TYLER HILL CORPORATION. (Id., ¶ 4.) TYLER HILL CORPORATIONS's camp activities are exclusively conducted through its office at the Tyler Hill Camp in Pennsylvania, and the New York office merely serves to accept enrollment applications, etc. during the off-season. (Id.)

9. The Complaint alleges that the Defendant TYLER HILL CAMP, INC. is either a New York corporation or a foreign corporation licensed to do business in New York. (Ex. A, Complaint, ¶¶ 1-2). But, upon information and belief, the defendant TYLER HILL CAMP, INC. is a Pennsylvania corporation with its headquarters and principal place of business in Pennsylvania. (Ex. B, Jacobs Dec., ¶ 6.) However, the citizenship and presence of TYLER HILL CAMP, INC. should be disregarded for purposes of removal due to the fact that TYLER HILL CAMP, INC. has been fraudulently joined by the Plaintiff to thwart removal, there being no liability on the part of TYLER HILL CAMP, INC. for the Plaintiff's injuries. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity

jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."); Andrei v. DHC Hotels and Resorts, 2000 U.S. Dist. LEXIS 4107, at *2-*3 (S.D.N.Y. Mar. 31, 2000). TYLER HILL CAMP, INC. is not a corporation involved in any way with the operation of the Tyler Hill Camp at any time relevant to this litigation. (Id.) Upon information and belief, TYLER HILL CAMP, INC. is the corporation which owned the Tyler Hill Camp prior to TYLER HILL CORPORATION, the purchase taking place in 1991, well before the plaintiff's accident. (Id.) As such, TYLER HILL CAMP, INC. is not "a party in interest" under 28 U.S.C. § 1441(b), and its presence as a named defendant does not effect the removability of this lawsuit.

10. The Complaint alleges that the remaining defendants, TIMBER LAKE CORPORATION, TIMBER LAKE CAMP WEST CORPORATION, TIMBER LAKE CENTERS, INC., TLC KIDS GROUP, INC., and TIMBERLAKE MANAGEMENT CORP. (collectively referred to as the "Timber Lake Defendants") are either New York corporations or a foreign corporations licensed to do business in New York. (Ex. A, Complaint, ¶¶ 9-10, 13-14, 17-18, 21-22, 25-28.) In fact, each of the Timber Lake Defendants are corporations duly organized and existing under the laws of the State of New York, with their headquarters and principal places of business in New York. (Ex.

6

B, Jacobs Dec., ¶ 7.) However, the citizenship and presence of all of the Timber Lake Defendants should be disregarded for purposes of removal due to the fact the Timber Lake Defendants have been fraudulently joined by the Plaintiff to thwart removal, there being no liability on the part of any of the Timber Lake Defendants for the Plaintiff's injuries. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."); Andrei v. DHC Hotels and Resorts, 2000 U.S. Dist. LEXIS 4107, at *2-*3 (S.D.N.Y. Mar. 31, 2000). The Timber Lake Defendants have no connection with the events surrounding this lawsuit; rather, each of these entities are involved in the operation of other camps, namely Timber Lake Camp located in Shandaken, New York and the Timber Lake West Camp located in Roscoe, New York. (Ex. B, Jacobs Dec., ¶ 7.) None of the Timber Lake Defendants have any involvement in the operation of the Tyler Hill Camp in Pennsylvania. (Id.) The Plaintiff's alleged accident occurred at the Tyler Hill Camp in Pennsylvania, not the Timber Lake Camp or the Timber Lake West Camp in upstate New York. (Id.) As such, none of the Timber Lake Defendants are "a party in interest" under 28 U.S.C. §

7

1441(b), and their presence as named defendants does not effect the removability of this lawsuit.

11. As all defendants other than TYLER HILL CORPORATION have been fraudulently joined, there is complete diversity between the Plaintiff and the remaining Defendant not fraudulently joined, satisfying the jurisdictional requirements of 28 U.S.C. § 1332(a)(1) and (c)(1).

## JURISDICTIONAL AMOUNT FOR DIVERSITY JURISDICTION

12. While the Complaint does not state an amount in controversy, the removing Defendant TYLER HILL CORPORATION has a good faith belief that the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

13. The allegations in the Complaint state that the Plaintiff SARA YAKIN, as a result of the various acts and/or omissions alleged to have been committed by the defendants, was "rendered sick, sore and disabled; suffered injuries both internal and external, pain and mental anguish; was confined to home for a period of time; was compelled to seek medical care and attention and will in the future be compelled to seek medical care and attention; was prevented from following her usual activities, and may in the future be disabled from following her usual activities." (Ex. A, Complaint, ¶ 41

8

(emphasis added).)  Upon information and belief, based upon the records in possession of the removing Defendant, the Plaintiff fractured her right clavicle as a result of the incident on July 2, 1999, and was treated, at least initially, at the Wayne Memorial Hospital in Honesdale, Pennsylvania.  (Ex. B, Jacobs Dec., ¶ 9.)  Based upon these facts, the Defendant TYLER HILL CORPORATION believes that this controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**MISCELLANEOUS REMOVAL REQUIREMENTS**

14.  Since the removing Defendant TYLER HILL CORPORATION is the only named Defendant not fraudulently joined, assent to the instant removal by the remaining fraudulently-joined defendants is not required by 28 U.S.C. § 1446 because they are considered "nominal" or "formal" defendants, as the Plaintiff has no cause of action against them.  See, e.g., Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995); Sierra v. Bally Total Fitness Corp., 2007 U.S. Dist. LEXIS 23729, at *6-*9 (E.D.N.Y. Mar. 30, 2007); Varela v. Flintlick Construction, Inc., 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001).

15.  Even if the assent of the non-removing Defendants were necessary, upon information and belief the Defendant TYLER HILL CAMP, INC. has yet to be properly served with the Summons and Verified Compliant, and thus its assent is not required at this

time.  As to the remaining Timber Lake Defendants, each of these defendants have assented to this Notice of Removal.  See Exhibit C.

16.  Written notice of the filing of the Notice of Removal has been served on all adverse parties, as required by 28 U.S.C. § 1446(d).

17.  Copies of the Summons and Verified Complaint, which are the only process, pleading, or order filed in this case to date, are attached hereto as Exhibit A and are being filed with this Notice of Removal.

18.  A true copy of this Notice of Removal has been filed with the Supreme Court of the State of New York, Nassau County, and served on all adverse parties, as provided by 28 U.S.C. § 1446(a).

10

WHEREFORE, the Defendant TYLER HILL CORPORATION respectfully petitions the Court to accept this Notice of Removal, and that all further proceedings in this matter be conducted before the United States District Court for the Eastern District of New York.

DATED:    June 19, 2007
          New York, New York

                    RUBIN, HAY & GOULD, P.C.

          By:    _____/s/_____
                 Rodney E. Gould, Esq. (9871)
                 Email: rgould@rhglaw.com
                 Robert C. Mueller, Esq. (1882)
                 Email: rmueller@rhglaw.com
                 205 Newbury Street
                 P.O. Box 786
                 Framingham, MA  01701-0202
                 Tel:  (508) 875-5222
                 Fax:  (508) 879-6803

                 -and-

                 MOUND COTTON WOLLAN & GREENGRASS

          By:    _____
                 Costantino Suriano, Esq. (4061)
                 Email: CSuriano@moundcotton.com
                 One Battery Park Plaza
                 New York, NY  10004
                 Tel:  (212) 804-4200
                 Fax:  (212) 344-8066

                 Attorneys for the Defendants
                 TYLER HILL CORPORATION,
                 TIMBER LAKE CORPORATION,
                 TIMBER LAKE CAMP WEST CORPORATION,
                 TIMBER LAKE CENTERS, INC.,
                 TLC KIDS GROUP, INC. and
                 TIMBERLAKE MANAGEMENT CORP.

                              11

# EXHIBIT "B" TO MOTION TO REMAND

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------------------------------X

SARA YAKIN,

                Plaintiff,

     -against-

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION, TIMBER
LAKE CENTERS, INC., TLC KIDS GROUP, INC., and
TIMBERLAKE MANAGEMENT CORP.,

             Defendants.

----------------------------------------------------------------X

Index No. 9203/07

**SUMMONS**

Plaintiff designates Nassau
County as the place of trial.

The basis of the venue is a
contractual agreement (Par.7)
between Plaintiff and
Defendants

Defendants' principal place
of business:

85 Crescent Beach Road
Glen Cove, NY 11542

To the above Defendants:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance on the Plaintiff's attorney within twenty (20) days after the service of this
Summons, exclusive of the day of service (or within thirty (30) days after the service is complete
if this Summons is not personally delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded herein.

Dated: White Plains, New York
      May 23, 2007

Defendants' Addresses:

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CAMP WEST
CORPORATION, TIMBER LAKE CENTERS,
INC., TLC KIDS GROUP, INC. and TIMBERLAKE
MANAGEMENT CORP.
85 Crescent Beach Road
Glen Cove, NY 11542

TIMBER LAKE CORPORATION
c/o Spizz and Cooper
114 Old Country Road
Mineola, NY 11501

Yours, etc.,

_Daniel A. Kalish_

Daniel A. Kalish
Attorney for Plaintiff
SARA YAKIN
175 Main Street, Suite 207
White Plains, NY 10601
(914) 761-6177

RECEIVED

MAY 24 2007
NASSAU COUNTY
COUNTY CLERKS OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------------------------------X    Index No.  $9203/07$

SARA YAKIN,                                                          VERIFIED COMPLAINT

             Plaintiff,

    -against-

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC., TLC KIDS GROUP,
INC. and TIMBERLAKE MANAGEMENT CORP.

             Defendants.

----------------------------------------------------------------X

RECEIVED

MAY 24 2007
NASSAU COUNTY
COUNTY CLERKS OFFICE

Plaintiff, complaining of the Defendants, by her attorney, Daniel A. Kalish, respectfully

shows to this Court and alleges the following:

    1.  Upon information and belief, that at all times hereinafter mentioned, Defendant,

TYLER HILL CAMP, INC., was a domestic corporation duly organized and existing under and by

virtue of the laws of the State of New York.

    2.  Upon information and belief, that at all times hereinafter mentioned, Defendant,

TYLER HILL CAMP, INC., was a foreign corporation, doing business and authorized to do

business in the State of New York.

    3.  Upon information and belief, that at all times hereinafter mentioned, Defendant,

TYLER HILL CAMP, INC., was doing business in the State of New York.

    4.  Upon information and belief, that at all times hereinafter mentioned Defendant,

TYLER HILL CAMP, INC., operated a summer youth camp known as Tyler Hill Camp.

5.  Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.  Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CORPORATION, was a foreign corporation, doing business and authorized to do business in the State of New York.

7.  Upon information and belief, that at all times hereinafter mentioned, Defendant, TYLER HILL CORPORATION, was doing business in the State of New York.

8.  Upon information and belief, that at all times hereinafter mentioned Defendant, TYLER HILL CORPORATION, operated a summer youth camp known as Tyler Hill Camp.

9.  Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CORPORATION, was a foreign corporation, doing business and authorized to do business in the State of New York.

11. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CORPORATION, was doing business in the State of New York.

12. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE CORPORATION, operated a summer youth camp known as Tyler Hill Camp.

13. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CAMP WEST CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CAMP WEST CORPORATION, was a foreign corporation, doing business and authorized to do business in the State of New York.

15. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CAMP WEST CORPORATION, was doing business in the State of New York.

16. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE CAMP WEST CORPORATION, operated a summer youth camp known as Tyler Hill Camp.

17. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CENTERS, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CENTERS, INC., was a foreign corporation, doing business and authorized to do business in the State of New York.

19. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE CENTERS, INC., was doing business in the State of New York.

20. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE CENTERS, INC., operated a summer youth camp known as Tyler Hill Camp.

21. Upon information and belief, that at all times hereinafter mentioned, Defendant, TLC KIDS GROUP, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

22. Upon information and belief, that at all times hereinafter mentioned, Defendant, TLC KIDS GROUP, INC., was a foreign corporation, doing business and authorized to do business in the State of New York.

23. Upon information and belief, that at all times hereinafter mentioned, Defendant, TLC KIDS GROUP, INC., was doing business in the State of New York.

24. Upon information and belief, that at all times hereinafter mentioned Defendant, TLC KIDS GROUP, INC., operated a summer youth camp known as Tyler Hill Camp.

25. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE MANAGEMENT CORP., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

26. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE MANAGEMENT CORP., was a foreign corporation, doing business and authorized to do business in the State of New York.

27. Upon information and belief, that at all times hereinafter mentioned, Defendant, TIMBER LAKE MANAGEMENT CORP., was doing business in the State of New York.

28. Upon information and belief, that at all times hereinafter mentioned Defendant, TIMBER LAKE MANAGEMENT CORP., operated a summer youth camp known as Tyler Hill Camp.

29. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE CORPORATION to place Plaintiff in Tyler Hill Camp for the summer of 1999.

30. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE CAMP WEST CORPORATION to place Plaintiff in Tyler Hill Camp for the summer of 1999.

31. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE CENTERS, INC., to place Plaintiff in Tyler Hill Camp for the summer of 1999.

32. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TIMBER LAKE MANAGEMENT CORP. to place Plaintiff in Tyler Hill Camp for the summer of 1999.

33. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TLC KIDS GROUP, INC., to place Plaintiff in Tyler Hill Camp for the summer of 1999.

34. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TYLER HILL CAMP, INC., to place Plaintiff in Tyler Hill Camp for the summer of 1999.

35. That in or about July 1998 Plaintiff's mother Jenny Yakin entered into a contract with TYLER HILL CORPORATION to place Plaintiff in Tyler Hill Camp for the summer of 1999.

36. That the said transaction took place in New York.

37. That each defendant's principal place of business was in New York, in the years 1998 and 1999.

38. That on or about July 2, 1999, while Plaintiff, SARA YAKIN was participating in said camp program, and in particular, waterskiing, she was swung into a dock by the powerboat towing her, thereby causing her to sustain severe and permanent personal injuries.

39. That said incident was as a result of the carelessness and negligence of Defendants herein, their agents, servants, and/or employees.

40. That Defendants, their agents, servants and/or employees, were negligent and careless in causing and directing Plaintiff, SARA YAKIN, to participate in waterskiing; in failing to observe and maneuver the boat so as to avoid dangerous collisions; in failing to operate the powerboat at a reasonable speed and in a reasonable manner; in failing to adequately train, supervise and/or monitor waterskiing personnel; Defendants were otherwise careless and negligent in the premises.

41. That as a result of the foregoing, Plaintiff was rendered sick, sore, and disabled; suffered injuries both internal and external, pain and mental anguish; was confined to home for a period of time; was compelled to seek medical care and attention and will in the future be compelled to seek medical care and attention; was prevented from following her usual activities, and may in the future be disabled from following her usual activities.

42. That as a result of the foregoing, Plaintiff has been injured in a sum greater than the jurisdictional limits of all lower courts which would otherwise have had jurisdiction herein.

WHEREFORE, Plaintiff demands judgment against defendants in a sum greater than the jurisdictional limits of all lower courts which would otherwise have had jurisdiction herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
May 23, 2007

Yours, etc.;

*Daniel A. Kalish*

Daniel A. Kalish
Attorney for Plaintiff
SARA YAKIN
175 Main Street, Suite 207
White Plains, NY 10601
(914) 761-6177

STATE OF NEW YORK          )
      *NEW YORK*          ) ss.:
COUNTY OF ~~WESTCHESTER~~          )

SARA YAKIN, being duly sworn, deposes and says that she is the Plaintiff in the foregoing action, that she has read and knows the contents of the foregoing Complaint; that the same is true to her own knowledge, except as to the matters stated to be alleged on information and belief, and that as to those matters, she believes them to be true.

_Sara Yakin_
Sara Yakin

Sworn to before me this
24th day of May 2007

_Notary Public_

ELEANOR DAVID
Notary Public, State of New York
Qualified in New York County
Reg. No. 01DA6122249
My Commission Expires 02/07/2009

**EXHIBIT "C"** TO MOTION TO REMAND

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SARA YAKIN,

                                        No. 07-CV-2444 (SJF)(WDW)

                Plaintiff,

        -against-

TYLER HILL CAMP, INC.,
TYLER HILL CORPORATION,
TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC.,
TLC KIDS GROUP, INC., and
TIMBERLAKE MANAGEMENT CORP.,

                Defendants.
------------------------------------X

**ANSWER OF DEFENDANTS**
**TYLER HILL CORPORATION, TIMBER LAKE CORPORATION,**
**TIMBER LAKE CAMP WEST CORPORATION, TIMBER LAKE CENTERS, INC.,**
**TLC KIDS GROUP, INC. and TIMBERLAKE MANAGEMENT CORP.**

    COME NOW the Defendants, TYLER HILL CORPORATION, TIMBER
LAKE CORPORATION, TIMBER LAKE CAMP WEST CORPORATION, TIMBER LAKE
CENTERS, INC., TLC KIDS GROUP, INC., and TIMBER LAKE MANAGEMENT
CORP. (incorrectly sued as "TIMBERLAKE MANAGEMENT CORP.")
(collectively, "the answering Defendants"), and for their Answer
to the Verified Complaint of the Plaintiff, state as follows:

    1.    The allegations in this Paragraph appear to be
directed to a Defendant other than the answering Defendants, and
therefore no response from the answering Defendants is
necessary.  To the extent this Paragraph is construed as
requiring a response from the answering Defendants, upon

information and belief, the allegations are denied.

2.    The allegations in this Paragraph appear to be
directed to a Defendant other than the answering Defendants, and
therefore no response from the answering Defendants is
necessary.  To the extent this Paragraph is construed as
requiring a response from the answering Defendants, upon
information and belief, the Defendant TYLER HILL CAMP, INC. is a
corporation duly organized and existing under the laws of the
Commonwealth of Pennsylvania, with its headquarters and
principal place of business in Pennsylvania.  The answering
Defendants are without knowledge or information sufficient to
form a belief as to the remaining allegations of this Paragraph
and therefore are unable to admit or deny same.

3.    The allegations in this Paragraph appear to be
directed to a Defendant other than the answering Defendants, and
therefore no response from the answering Defendants is
necessary.  To the extent this Paragraph is construed as
requiring a response from the answering Defendants, the
answering Defendants are without knowledge or information
sufficient to form a belief as to the remaining allegations of
this Paragraph and therefore are unable to admit or deny same.

4.    Denied.

5.    Denied.

6.    The answering Defendants admit that TYLER HILL CORPORATION is a corporation duly authorized and existing under the laws of the Commonwealth of Pennsylvania, and that it has conducted business and is authorized to do business within the State of New York.  The answering Defendants deny that TYLER HILL CORPORATION'S headquarters and/or principal place of business are located in New York, and deny any remaining allegations in this Paragraph.

7.    The answering Defendants admit that TYLER HILL CORPORATION is a corporation duly authorized and existing under the laws of the Commonwealth of Pennsylvania, and that it has conducted business and is authorized to do business within the State of New York.  The answering Defendants deny that its headquarters and/or principal place of business are located in New York, and deny any remaining allegations in this Paragraph.

8.    Admitted.

9.    Admitted.

10.   Denied.

11.   Admitted.

12.   Denied.

13.   Admitted.

14.   Denied.

15.   Admitted.

3

16. Denied.

17. Admitted.

18. Denied.

19. Admitted.

20. Denied.

21. Admitted.

22. Denied.

23. Admitted.

24. Denied.

25. Admitted.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35.   The answering Defendants admit that TYLER HILL
CORPORATION entered into a contract with one or both of the
parents/guardians of the Plaintiff to place the Plaintiff in the
Tyler Hill Camp in Tyler Hill, Pennsylvania for the summer of

4

1999. As to the remaining allegations, the answering Defendants are without knowledge or information sufficient to form a belief as to the allegations of this Paragraph and therefore are unable to admit or deny same.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. The answering Defendants deny that the Plaintiff sustained injuries or damages as a result of any action, inaction, negligence, error or omission on the part of any of the answering Defendants. As to the remaining allegations, the answering Defendants are without knowledge or information sufficient to form a belief as to the allegations in this Paragraph and are therefore unable to admit or deny the same.

42. The answering Defendants deny that the Plaintiff sustained injuries or damages as a result of any action, inaction, negligence, error or omission on the part of any of the answering Defendants. As to the remaining allegations, the answering Defendants are without knowledge or information sufficient to form a belief as to the allegations in this Paragraph and are therefore unable to admit or deny the same.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each and every cause of action asserted by the Plaintiff against each and every Defendant fails to set forth a claim upon which relief may be granted.

### Second Affirmative Defense

As to answering Defendants TIMBERLAKE CORPORATION, TIMBERLAKE CAMP WEST CORPORATION, TIMBER LAKE CENTERS, INC., TLC KIDS GROUP, INC., and TIMBERLAKE MANAGEMENT CORPORATION, the Plaintiff fails to assert a valid cause of action against each of said Defendants due to the fact that said Defendants had absolutely nothing to do with the administration, operation or management of the Tyler Hill Camp.

### Third Affirmative Defense

As to each answering Defendant, the Plaintiff's action should be dismissed on the grounds that the Plaintiff is time-barred under the applicable statute of limitations governing the Plaintiff's claims.

### Fourth Affirmative Defense

The Plaintiff's Complaint, and each and every count thereof, should be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404.

6

### Fifth Affirmative Defense

The injuries and damages allegedly sustained by the Plaintiff were caused by an entity over which the answering Defendants exercise no ownership, operation or control.

### Sixth Affirmative Defense

The Plaintiff's alleged injuries and damages were the result of the Plaintiff's own negligence, in whole or in part.

### Seventh Affirmative Defense

The Plaintiff assumed the risk of engaging in the activity in which she alleges to have been injured.

### Eighth Affirmative Defense

The Plaintiff failed to follow the instructions of camp personnel, and this failure to follow instructions led to plaintiff's alleged injury.

### Ninth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of laches.

### DEFENSES RESERVED

The answering Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserve their right to amend their Answer to assert any such defenses.

WHEREFORE, the answering Defendants request that this action, and each and every cause of action contained in the Complaint, be dismissed with prejudice and that the answering Defendants be awarded the costs they have incurred, and will incur, in defending against them.

DATED:   June 25, 2007
         New York, New York

                    RUBIN, HAY & GOULD, P.C.

         By:      _____/s/_____
                    Rodney E. Gould, Esq. (9871)
                    Email: rgould@rhglaw.com
                    Robert C. Mueller, Esq. (1882)
                    Email: rmueller@rhglaw.com
                    205 Newbury Street
                    P.O. Box 786
                    Framingham, MA  01701-0202
                    Tel:  (508) 875-5222
                    Fax:  (508) 879-6803

                    -and-

                    MOUND COTTON WOLLAN & GREENGRASS

         By:      _____
                    Costantino Suriano, Esq. (4061)
                    Email:  CSuriano@moundcotton.com
                    One Battery Park Plaza
                    New York, NY  10004
                    Tel:  (212) 804-4200
                    Fax:  (212) 344-8066

                    Attorneys for the Defendants,
                    TYLER HILL CORPORATION, TIMBER LAKE
                    CORPORATION, TIMBER LAKE CAMP WEST
                    CORPORATION, TIMBER LAKE CENTERS, INC.,
                    TLC KIDS GROUP, INC., AND TIMBERLAKE
                    MANAGEMENT CORP.

                              8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No.07-CV-2444
(SJF) (WDW)

SARA YADKIN,

Plaintiff

-against-

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION , TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC., TLC KIDS GROUP, INC. and
TIMBERLAKE MANAGEMENT CORP

Defendants.

## ANSWER OF DEFENDANTS TYLER HILL CORPORATION, TIMBER LAKE CORPORATION, TIMBER LAKE CAMP WEST CORPORATION, TIMBER LAKE CENTERS, INC., TLC KIDS GROUP, INC. AND TIMBERLAKE MANAGEMENT CORP

MOUND COTTON WOLLAN & GREENGRASS
*Attorneys for*

Defendant, Tyler Hill Corporation

*Office and Post Office Address, Telephone*
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004
(212) 804-4200

To:

Attorney(s) for

Service of a copy of the within is
hereby admitted.

Dated:_____ 20_____

**EXHIBIT "D"** TO MOTION TO REMAND

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

SARA YAKIN,

                                        Docket No.

                Plaintiff,

        -against-

TYLER HILL CAMP, INC.,
TYLER HILL CORPORATION,
TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION,
TIMBER LAKE CENTERS, INC.,
TLC KIDS GROUP, INC., and
TIMBERLAKE MANAGEMENT CORP.,

                Defendants.

-----------------------------------X

**DECLARATION OF JAY S. JACOBS**

        The undersigned, JAY S. JACOBS, hereby makes the following

affirmation under penalty of perjury and pursuant to 28 U.S.C. §

1746:

        1.    I am employed by the defendant TYLER HILL CORPORATION

              and hold the position of Executive Director.  I am

              authorized to submit this declaration on behalf of

              TYLER HILL CORPORATION and I make this declaration

              based upon my personal knowledge or upon a review of

              the books and records of TYLER HILL CORPORATION.

2.   At all times relevant to this litigation, TYLER HILL
     CORPORATION has been a corporation duly authorized and
     existing under the laws of the Commonwealth of
     Pennsylvania.

3.   At all times relevant to this litigation, TYLER HILL
     CORPORATION has operated a summer camp for children
     (known as the Tyler Hill Camp) in Tyler Hill, Wayne
     County, Pennsylvania.  The address of the camp and its
     offices is 1017 Cochecton Turnpike, Tyler Hill,
     Pennsylvania.  This office is the headquarters and
     principal place of business of TYLER HILL CORPORATION,
     as all activity relevant to camp administration is
     conducted through this office.  TYLER HILL
     CORPORATION's sole endeavor is the operation of this
     one camp in Tyler Hill, Pennsylvania.

4.   Although TYLER HILL CORPORATION has a "winter office"
     located at 85 Crescent Beach Road, Glen Cove, New
     York, the New York office is neither the headquarters
     nor the principal place of business of TYLER HILL
     CORPORATION.  The winter office in New York merely
     serves to accept enrollment applications, etc. during
     the off-season.  TYLER HILL CORPORATION's camp

2

activities are exclusively conducted through its
office at the Tyler Hill Camp in Pennsylvania, and
such activities are exclusively conducted during the
summer months.

5.  None of the other defendants named in this lawsuit
    have anything to do with the operation of the Tyler
    Hill Camp.  Specifically, none of the other defendants
    named in this lawsuit have anything to do with
    plaintiff SARA YAKIN's application to the Tyler Hill
    Camp, her enrollment in the Tyler Hill Camp, any
    advertising for the Tyler Hill Camp, the operation or
    maintenance of the Tyler Hill Camp, the ownership of
    Tyler Hill Camp property, the employment of the camp
    counselors at the Tyler Hill Camp, or the ownership,
    operation, and maintenance of any water sports vehicle
    used by the Tyler Hill Camp or its employees.

6.  Upon information and belief, the named defendant TYLER
    HILL CAMP, INC. is a Pennsylvania entity with its
    principal place of business in Pennsylvania.  TYLER
    HILL CAMP, INC. is not a corporation involved in any
    way with the operation of the Tyler Hill Camp at any
    time relevant to this litigation.  Upon information
    and belief, TYLER HILL CAMP, INC. may be the name of

3

the corporation which owned Tyler Hill Camp prior to
TYLER HILL CORPORATION.  This purchase took place in
1991, well before plaintiff's accident as alleged in
the Complaint.

7.   The remaining defendants, TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION, TIMBER LAKE
CENTERS, INC., TLC KIDS GROUP, INC. and TIMBER LAKE
MANAGEMENT CORP. (incorrectly sued as TIMBERLAKE
MANAGEMENT CORP.) likewise have no connection to the
events in this lawsuit.  I hold the office of
President for each of these entities, all of whom are
incorporated within the State of New York.  These
corporate entities are involved in the operation of
other camps, namely the Timber Lake Camp located in
Shandaken, New York and the Timber Lake West Camp
located in Roscoe, New York.  None of these entities
have any involvement in the operation of the Tyler
Hill Camp in Pennsylvania.  Plaintiff's alleged
accident occurred at the Tyler Hill Camp in
Pennsylvania, not the Timber Lake Camp or the Timber
Lake West Camp in upstate New York.

4

8.   While the plaintiff's Complaint is sparse as to

details concerning herself and the accident,

enrollment papers in the possession of Tyler Hill Camp

indicate that plaintiff was born on May 28, 1986.   The

papers also indicate that as of 1999, the plaintiff's

residence was Cortlandt Manor, New York.   The

defendants have no reason to believe that plaintiff's

birthdate is incorrect or that the plaintiff's

residence is anything other than within the State of

New York.

9.   While plaintiff does not detail the specifics of her

injury, documents in the possession of Tyler Hill Camp

indicate that as a result of the incident on July 2,

1999, the plaintiff allegedly fractured her right

clavicle and she was initially treated for her injury

at the Wayne Memorial Hospital in Honesdale,

Pennsylvania.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT.

Executed on June 15, 2007
Shandaken, New York

JAY S. JACOBS,
Executive Director,
TYLER HILL CORPORATION

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**07 Civ. 2444 (SJF) (WDW)**

SARA YAKIN,

        Plaintiff,

   -against-

TYLER HILL CAMP, INC., TYLER HILL CORPORATION, TIMBER LAKE CORPORATION,
TIMBER LAKE CAMP WEST CORPORATION, TIMBER LAKE CENTERS, INC., TLC KIDS
GROUP, INC., and TIMBERLAKE MANAGEMENT CORP.,

        Defendants.

---

NOTICE OF MOTION TO REMAND
MOTION TO REMAND TO STATE COURT
MEMORANDUM IN SUPPORT OF MOTION TO REMAND
EXHIBITS

---

# LAW OFFICE OF DANIEL A. KALISH

Attorney for Plaintiff
Sara Yakin
175 Main Street, Suite 207
White Plains, New York 10601
(914) 761-6177
**Kalish@personalinjurylawnewyork.com**

---