UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SARA YAKIN,

                       Plaintiff,

                                                           **OPINION & ORDER**
                                                            07-CV-2444 (SJF) (WDW)

         -against-

TYLER HILL CAMP, INC., TYLER HILL
CORPORATION, TIMBER LAKE CORP.,
TIMBER LAKE CAMP WEST CORP., TIMBER
LAKE CENTERS, INC., TLC KIDS GROUP,
INC., and TIMBERLAKE MANAGEMENT
CORP.,

                       Defendants.
---------------------------------------------------------------X

FEUERSTEIN, J.

I.    Introduction

Plaintiff Sara Yakin commenced this action against Defendants Tyler Hill Camp, Inc, Tyler Hill Corp., Timber Lake Corp, Timber Lake Camp West Corp., Timber Lake Centers, Inc., TLC Kids Group, Inc. and Timberlake Management Corp. (collectively, Defendants) in the Supreme Court of the State of New York, County of Nassau, seeking damages for personal injuries sustained by Plaintiff in 1999 at a summer camp maintained by Defendant Tyler Hill Corporation. On or about June 18, 2007, Defendant Tyler Hill Corporation filed a Notice of Removal to remove the state court action to this Court, pursuant to 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1332 (a)(1) and (c)(1). Plaintiff, in turn, seeks to have the matter remanded to state court pursuant to 28 U.S.C. § 1447 (c). For the reasons set forth below, Plaintiff's motion is granted.

II.     Background

    A.     Factual Background[1]

The Plaintiff's complaint stems from injuries Plaintiff allegedly received on or about July 2, 1999 at the Tyler Hill Camp in Tyler Hill, Pennsylvania. (Complaint (Compl.), p. 1). According to the affidavit of the Executive Director of Defendant Tyler Hill Corporation, "documents in the possession of Tyler Hill Camp indicate that as a result of the incident on July 2, 1999, the plaintiff ... fractured her right clavicle and she was initially treated for her injury at the Wayne Memorial Hospital in Honesdale, Pennsylvania." (Motion to Remand, Exhibit (Ex.) D, p. 5).

Plaintiff's mother, Jenny Yakin, submitted an affidavit in support of Plaintiff's motion to remand stating that Plaintiff attended the Tyler Hill Camp in Tyler Hill, Pennsylvania for the years 1996, 1997, 1998 and 1999. While Plaintiff cannot produce the enrollment application for the 1999 season, she claims that the terms of agreement for that year were identical to those of the previous years, and that the terms of agreement for 1999 contained a forum selection clause which requires that the venue for any legal dispute arising out of the agreement "shall be in Nassau County, New York."(Yakin Affidavit, pp. 1-2). Defendants do not contest the presence or phrasing of the forum selection clause in the form contract used by Tyler Hill Camp in 1999.

    B.     Procedural Background

Plaintiff filed the instant complaint against Defendant on or about May 24, 2007 in the Supreme Court of the State of New York, Nassau County, index number 07-9203, seeking damages, costs and disbursements. (Compl., p. 6) On or about June 18, 2007, Defendant

---

[1] The following facts are taken from the pleadings and do not constitute findings of fact by the Court.

removed the action to this Court, pursuant to 28 U.S.C. § 1441 *et seq.* and 28 U.S.C. § 1332 (a)(1) and (c)(1). Plaintiffs now move pursuant to 28 U.S.C. § 1447 (c) to remand this action to the state court, claiming that the forum selection clause requires that the action be heard in New York State Court in Nassau County.

III.  Discussion

    A.  Removal Jurisdiction

A civil action initially filed in state court may be removed by the defendant to federal district court, provided that the district court has original subject matter jurisdiction over the plaintiff's claim, pursuant to 28 U.S.C. § 1441. See Lupo v. Human Affairs International, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Removal jurisdiction is strictly construed, and "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts must resolve] any doubts against removability." California v. Atlantic Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.), 488 F.3d 112, 124 (2d Cir. 2007) (citations omitted). On a motion to remand, the removing defendant "bears the burden of demonstrating the propriety of removal." California Public Employees' Retirement System v. Worldcom. Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted).

    B.  The Forum Selection Clause

At issue is whether the forum selection clause in the enrollment agreement between the parties requires this Court to remand the instant case to state court. The clause in question states as follows:

> It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement or otherwise, to which Tyler Hill Camp, or its agents, is a party shall be in Nassau County, New York. (Yakin Affidavit, p. 2).

"It is well established that a forum selection clause may act as a waiver of defendant's right to remove an action to federal court." John's Insulation, Inc. v. Siska Constr. Co., 671 F. Supp. 289, 294 (S.D.N.Y. 1987) (citations omitted). However, "[s]uch a waiver must be clear and unequivocal. If the forum selection clause is ambiguous in that it is susceptible of two reasonable meanings, it will be construed against the party who drafted it." Id. (citing Stern v. Satra, 539 F.2d 1305, 1310 (2d Cir. 1976)). An ambiguous term or phrase is one which is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Sirico v. RIH Acquisitions NJ, LLC, 2006 U.S. Dist. LEXIS 84162 (E.D.N.Y. 2006) (quoting Walk-In Med. Ctrs., Inc. v. Breuer Capital Corp., 818 F.2d 260, 263 (2d Cir. 1987).

Defendants argue that because the clause does not specify whether it is referring to state or federal court, and because Nassau County is within the jurisdiction of the Eastern District of New York, the forum selection clause does not bar maintaining the matter in this Court. (Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand (Opp.), pp. 4-5). Plaintiff argues that "Nassau County, New York" can only refer to New York State Court, noting that "there is no federal courthouse in Nassau County." (Plaintiff's Memorandum in Reply (Reply), p. 1). However, in 1999, at the time the contract was executed, the Eastern District had a courthouse located in Uniondale[2] in Nassau County.[3] Thus, as of the date of the contract's execution, the "venue and place of trial... in Nassau County" indicated by the forum selection

---

[2]Alan J. Wax, *Court Moves Make Space for Others*, NEWSDAY, November 6, 2000 at C24.

[3]This Court may take judicial notice of geography. Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000).

clause might have referred to either federal or state court.

Nevertheless, "(t)he fact that the provision does not specify federal or state court does not make it invalid, but rather allows suit to be brought in either court." Mooney-Kelly v. Islands Publ'g Co., 2002 U.S. Dist. LEXIS 1256 (S.D.N.Y. 2002), citing City of New York v. Pullman Incorporated, 477 F. Supp. 438 (S.D.N.Y. 1979). Ambiguities in forum selection clauses are construed against the drafter. John's Insulation, Inc., 671 F. Supp. at 294. See also Unity Creations, Inc. v. Trafcon Indus., 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001) (citing Albany Savings Bank v. Halpin, 117 F.3d 669, 674 (2d Cir. 1997); Pullman, 477 F. Supp. at 443. Since the forum selection clause is ambiguous, and Defendants drafted the clause, Plaintiff's motion is granted.

IV. Conclusion.

Plaintiff's motion to remand is GRANTED and this action is remanded to the Supreme Court of the State of New York, County of Nassau. The Clerk of the Court is directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Supreme Court of the State of New York, County of Nassau.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: November 6, 2007
       Central Islip, New York